[Crim. No. 1119.   Department Two.—June 15, 1904.]

## THE PEOPLE, Respondent, v. JOHN DOUGHERTY, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—PROPERTY NOT INTRUSTED.—It is of the essence of the crime of embezzlement that the misappropriation shall be of property "intrusted" to the defendant; and if the property was obtained furtively or by artifice, without any intent of the owner to yield possession or to intrust it to the defendant, there is no embezzlement.

ID.—OFFER TO BUY AND SELL—DIRECT SHIPMENT TO THIRD PARTY—PAYMENT TO DEFENDANT.—Where the defendant offered to buy sacks from the owner and to sell them to a third party, and it appeared that he was never employed by the owner nor intrusted with the property, and that the shipment was made by the owner directly to such third party, who, having dealt directly with the defendant, paid the purchase money to him without any authority from the former owner to collect or receive the money, the failure of the defendant to pay over the money to such former owner does not constitute embezzlement.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   William P. Lawlor, Judge.

The facts are stated in the opinion of the court.

James L. Nagle, for Appellant.

U. S. Webb, Attorney-General, J. C. Daly, Deputy Attorney-General, and Lewis F. Byington, District Attorney, for Respondent.

HENSHAW, J.—The defendant was charged with, and convicted of, the crime of embezzlement, and appeals from the

judgment and from the order denying his motion for a new trial. He insists that the verdict and judgment are against the law and against the evidence, in that the evidence whatever else it may show, does not establish the crime charged.

In this contention, the appellant must be sustained. "Embezzlement is the fraudulent appropriation of property by a person to whom it has been intrusted." (Pen. Code, sec. 503.) "Every clerk, agent, or servant of any person who fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care by virtue of his employment as such clerk, agent, or servant, is guilty of embezzlement." (Pen. Code, sec. 508.) The above-quoted sections set forth the statutory crime with which the defendant was charged. It is of the essence of this crime that the misappropriation be of property "intrusted" to the defendant. "Where the property is taken forcibly or furtively, or when the possession is gained by a trick or artifice, and the owner had no intent to yield possession and 'intrust' the property to another—in such cases there is no embezzlement." (*People* v. *Johnson,* 91 Cal. 265.) The evidence in this case is peculiar. Defendant was charged with the embezzlement of seventy-eight dollars, the property of one L. Bercovich, which property, the information charges, came into the possession of the defendant as the clerk, agent, and servant of Bercovich. Upon the trial Bercovich testified that the defendant came to him and said that he could sell fifteen hundred sacks to one P. A. McDonald, of San Francisco, at five and one fourth cents a sack, and explained that he (Bercovich) was to collect for the sacks, and the defendant would come back the next day, or the day after, and receive three fourths of a cent commission for securing the sale. As a result (so testifies Bercovich) the sacks were by him sold and shipped to McDonald in San Francisco. Defendant did not purchase the sacks. "We would not sell the sacks to him because we did not know him. We shipped these sacks to P. A. McDonald. Mr. Dougherty [the defendant] went with them. I believe Mr. Dougherty paid the freight on these goods. We sold the sacks to Mr. McDonald. We did not give Mr. Dougherty any authority whatever to collect this money. He was never in

our employ. He never worked for us and never did anything
for us. He was not authorized to collect any money. He was
not the clerk, nor the agent, nor the servant of Bercovich.''
Such is the testimony of the complaining witness. McDon-
ald, to whom the sacks were sold, testified that he bought
fifteen hundred sacks from the defendant, and knew nobody
else in the transaction. He did not see the defendant when
the sacks were delivered, but he left instructions to pay the
defendant upon the delivery of the sacks. They were de-
livered, and his cashier paid for them. Defendant did not
in any way represent himself as the agent or servant or em-
ployee of any one in the transaction. Defendant's testimony
is, that he bought the sacks outright from Bercovich, for
transmission and delivery to McDonald in San Francisco,
himself paid the freight, and took the shipping-receipt, and
in turn sold the sacks to McDonald. As a result, he owed
Bercovich for the sacks. He had intended to pay him with
the money which he received from McDonald, but got drunk,
and when he recovered his senses found that his money was
all gone.

By no one of these separate accounts, nor yet by a considera-
tion of all three of them, is the crime of embezzlement estab-
lished. Bercovich testifies that the defendant was not his
agent, and that he had not intrusted the goods to him, but had
shipped them by the railroad company to McDonald in San
Francisco. McDonald in turn knew nobody in the transaction
but the defendant, and dealt with him as a principal and as
the seller of the sacks. The defendant disclaims any agency,
and contends that he purchased the sacks outright. As em-
bezzlement under our statute is the fraudulent appropriation
of property intrusted to an agent, it follows that the pos-
session of the embezzler must in the first instance be a right-
ful possession; but if the defendant's possession in this
instance was rightful, that fact is established by his own testi-
mony alone, and must be considered with his further evidence
that he came into possession of them as purchaser and owner,
in which case he is guilty of no crime at all, and the relation-
ship of debtor and creditor is all that exists between himself
and Bercovich. As under no other theory of the case did his
possession become rightful, it follows that the crime of em-
bezzlement, as known to our law, was not established.

The judgment and order appealed from are therefore reversed.

McFarland, J., and Lorigan, J., concurred.